## TEXAS & P. RY. Co. *v.* CITY OF NEW ORLEANS.

(*Circuit Court, E. D. Louisiana.* August 24, 1889.)

1. MUNICIPAL CORPORATIONS—ORDINANCES—WHARVES—OBSTRUCTIONS.
   By ordinance of the city of New Orleans, the right was conferred on complainant railroad company to inclose and occupy * * * that portion of the levee, batture, and wharves in the city in front of its riparian property, acquired or to be acquired, between certain streets, and to erect and maintain thereon such ferry facilities, wharves, piers, warehouses, tracks, depots, etc., as should be necessary and convenient for the transfer of cars, engines, passengers, and freight, and in the transaction of its business. *Held*, that the right to erect these improvements was confined to so much of the levee and wharf of the city as lay in front of the riparian property of the complainant, and did not extend beyond the wharf line; and the ordinance did not authorize the placing of piles, or any other structure, outside of the line of the city wharf.

2. SAME—INJUNCTION.
   An injunction *pendente lite*, restraining the city from interfering with complainant in the erection and maintenance of such structures as it was authorized to erect and maintain under the authority of the ordinance, did not protect complainant in the erection of the pilings, or other structures, outside the wharf line of the city.

3. NAVIGABLE WATERS—POWERS OF COURTS—INJUNCTION.
   The Mississippi river, being a navigable stream, is within the exclusive control of congress, and neither the city of New Orleans nor the state of Louisiana can authorize any obstruction of its navigation; nor can the courts extend the injunction so as to protect complainant in the erection of structures outside the wharf line of the city.

In Equity.
*Howe & Prentiss*, for complainant.
*Carleton Hunt*, for defendant.

HILL, J. The questions now to be decided arise upon the motion of the defendant to modify or construe the scope and effect of an injunction *pendente lite*, heretofore granted in this cause, and upon the motion of complainant to grant an additional injunction *pendente lite*. Each motion is supported by affidavits. The supplemental and amended bill upon which the injunction *pendente lite* was granted, which it is asked shall be continued and modified, in substance alleges that heretofore, by virtue of certain ordinances made and promulgated by the council of the city of New Orleans, the New Orleans, Texas & Pacific Railway Company, of which the complainant is the successor, was authorized and empowered, under certain conditions therein stated, to establish and maintain for its use and benefit, upon the river front of the Mississippi river, within the corporate limits of said city, and within certain pre-

scribed limits, all necessary ferry facilities, wharves, piers, warehouses, elevators, yards, tracks, depots, stations, sheds, and other structures as shall be necessary and convenient for transfer of cars, engines, passengers, and freights, and in the transaction of its business. That the complainant was proceeding to construct the improvements and facilities authorized by said ordinances, when the mayor of said city placed upon said works, so being about to be erected, a policeman, to prevent the same from being done, and threatened to prevent by force the prosecution and completion of the work and structures necessary for the convenience and use of said complainant, and authorized by said ordinance. The restraining order made by the district judge, and afterwards ordered by the circuit judge to stand as an injunction *pendente lite*, is in substance as follows: That said city of New Orleans, its mayor, agents, servants, and employes, are commanded and strictly enjoined, under the penalty of the law, from interfering with the Texas & Pacific Railway Company or its receivers in the exercise of any of the rights granted to the New Orleans, Texas & Pacific Railway Company, and its assigns the said Texas & Pacific Railway Company, by the ordinances set forth in the bill herein, as ordinances Nos. 6732, 6938, and 7946, administration series, copies of which are filed herein, and from executing the ordinances Nos. 685 and 1828, council series, and from granting to any other person or corporation the rights attempted to be taken away or impaired by said ordinances Nos. 685 and 1828, council series, and from interfering in any way, whether by the use of policemen or otherwise, with the said Texas & Pacific Railway Company, or its assigns, in the work of building a spur track to connect the track above the transfer inclosure between Thalia and Terpsichore streets, on which the track of said railway is now laid in Pelia and Water streets, and along the river front, as delineated in the Exhibit P, filed herein as part of the supplemental bill, in any wise, with the work of driving piles so as to reach said wharf of the railway with said spur and track, whether by policemen or otherwise, and from in any way hindering or delaying any work provided for in said ordinances Nos. 6690, 6732, 6938, and 7646, administration series. It is alleged and proven that the complainant has driven clusters of piles, some 25 feet out from the end of the incline track, and from the wharf line into the river, for the purpose of staying or holding the transfer steam-boat in its place, and that planks are nailed to these piles, which, it is alleged by defendant, diverts the stream or current in the river from the bank on the east side to the opposite side, and thereby causes an eddy in front of the levee and wharves, both above and below these pilings outside the wharf line, resulting in the formation of shoals, and leaving the water so shallow as to prevent vessels from approaching the wharves, and discharging and receiving freights, and which, if continued to remain, will injure or ruin the wharves of the city. It is insisted on the part of the complainant that the clusters of piles complained of, though not specifically mentioned in the ordinance or in the injunction, are impliedly embraced therein, for the reason that they are necessary to the enjoyment of the rights and privileges specifically granted; that these

clusters of piles are necessary to enable the transfer vessel to land at the end of the incline track, and to hold it in position; that without them there will be great danger in making the proper connection between the end of the incline track and the track on the transfer vessel, and for the want of which there will be great danger of the cars being thrown in the river, and of loss of life and property.

There have been a large number of affidavits read on both sides to prove and disprove the respective positions stated, all of which have been carefully read by me, but which, under the view I take of the questions arising upon motions before the court, are irrelevant, and need not be considered. The only questions presented are—*First*, was the right conferred upon the complainant to place these piles outside the wharf line conferred upon the complainant by either of the ordinances referred to in the bill? and, *secondly*, if so, is the complainant protected in placing and maintaining them there, by the *pendente lite* injunction granted heretofore, and which the court is asked to modify.

Section 4 of ordinance No. 6938, administration series, under which it is claimed the authority is conferred to erect and maintain these structures, etc., including those of which complaint is made, reads as follows:

"That the New Orleans Pacific Railway Company, its successors and assigns, shall have the right, and the same is hereby conferred, for the term of its charter, and from and after the existing leases of city wharves, to inclose and occupy for its uses and purposes that portion of the levee, batture, and wharves in the city of New Orleans in front of its riparian property, acquired or to be acquired between Thalia and Terpsichore streets, and to erect and maintain thereon, at its own expense, such ferry facilities, wharves, piers, warehouses, elevators, yards, tracks, depots, stations, sheds, and other structures as shall be necessary and convenient for the transfer of cars, engines, passengers, and freight, and in the transaction of its business."

By reference to the provisions of the above ordinance, it will be seen that the right to erect these improvements and structures is confined to so much of the levee, batture, and wharf of the city as lay in front of the riparian property then acquired, or thereafter to be acquired, by the New Orleans Pacific Railway Company, its successors or assigns, between Thalia and Terpsichore streets, and did not extend beyond the wharf line as fixed by the authority of the city, and existing at that time, and such extension of the wharf line as thereafter might be established. By reference to the injunction *pendente lite*, it will be seen that the complainant is only protected in the erection and maintenance of such structures, etc., as it was authorized to erect and maintain under the authority conferred by the ordinances of the city mentioned in the injunction, and no other. I am therefore satisfied that these ordinances do not authorize the placing of the piles or any other structure outside of the line of the city wharf, and that the obstruction complained of was not intended to be, and is not, protected by the injunction *pendente lite*, and that no modification of it is necessary.

The next question is, has this court the power to extend the injunction so as to protect the complainant in the erection and maintenance of these or any other pilings or structures outside of the wharf line of the

city? The Mississippi river is one of the principal navigable streams in the United States, and, as such, is within the exclusive control of the congress of the United States; and, such being the case, neither the city of New Orleans nor the state of Louisiana can authorize any obstruction that will interfere with its navigation. In aid of navigation and commerce, congress authorizes cities and towns and other corporate bodies, and sometimes individuals, to erect and maintain levees and warehouses, etc., on the banks of navigable streams, and, in aid of commerce and transportation, authorizes the construction of bridges over navigable streams, under such restrictions as will not hinder or delay the navigation on such rivers. But this power is invested in congress, the law-making power, and not in the courts, the judicial department of the government. Therefore the motion of complainant to extend the injunction must be denied. A decree will be entered in accordance with the above conclusions.